# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICO STRINGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16 C 8991 |
| CITY OF LAKE FOREST and COMMANDER MICHAEL LANGE, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Rico Stringer, a former Lake Forest police officer, has sued the City of Lake Forest and Commander Michael Lange, alleging that Lake Forest and Lange retaliated against him for making complaints about quotas for issuing traffic and parking citations on the basis that this was a racially discriminatory policy that essentially required racial profiling. Stringer, who is African-American, also says that he, unlike similarly situated non-African-American officers, was disciplined for failing to meet quotas. Lake Forest and Lange have moved to dismiss certain of Stringer's claims under Federal Rule of Civil Procedure 12(b)(6).

1. The claims against Lange in his "official capacity" amount to claims against Lake Forest; that is what official capacity claims are. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2006). As such, the official capacity claims against Lange are duplicative of Stringer's claims against Lake Forest. For this reason, the Court dismisses the official capacity claims against Lange in counts 1 through 8 of

Stringer's complaint, leaving the individual capacity claims against Lange and the claims against Lake Forest contained in those counts.

2. Defendants have moved to dismiss count 8, a claim under the Illinois Whistleblower Act, and count 9, a common law retaliatory discharge claim, on the ground that they are barred under the Illinois Tort Immunity Act's one-year statute of limitations that applies to claims against Illinois local governmental entities. Stringer alleges that he was terminated on March 11, 2015, and he filed this suit about eighteen months later, on September 16, 2016. The Tort Immunity Act does not "affect[ ] the right to obtain relief other than damages against a local public entity or a public employee." 745 ILCS 10/2-101. In these claims, Stringer is seeking reinstatement, back pay, and front pay, which are forms of equitable relief. *See Vill. of Thomson v. Ill. Human Rights Comm'n*, 2016 IL App (2d) 160011-U, ¶ 70, 2016 WL 6903900, at *11; *Rozsavolgyi v. City of Aurora*, 2016 IL App (2d) 150493, ¶ 110, 58 N.E.2d 65, 97-98. Thus the Tort Immunity Act does not apply. *See Kirley v. Bd. of Educ. of Maine Twp. High School Dist. 207*, No. 13 C 1706, at *12 (N.D. Ill. Dec. 20, 2013) (citing *PACE, Suburban Bus Div. of Reg. Transp. Auth. v. Reg. Transp. Auth.*, 346 Ill. App. 3d 125, 143, 802 N.E.2d 13, 29 (2003)). In addition, in his Illinois Whistleblower Act claim (count 8), Stringer alleges post-employment retaliatory conduct less than one year before he filed this suit. For these reasons, the court declines to dismiss counts 8 and 9. (The Court notes that it did not address these sorts of arguments in its decision in *Bello v. Village of Skokie*, 151 F. Supp. 3d 849, 865 (N.D. Ill. 2015), cited by defendants, and it is not prepared to say, at least at this point, that the post-employment

2

retaliation cited by Stringer cannot qualify as a basis for liability under the Whistleblower Act.)

3. Defendants contend that count 7, Stringer's First Amendment retaliation claim, is legally deficient because when he complained about quotas, he was speaking not as a citizen on a matter of public concern but rather as part of his official duties as a police officer. First Amendment protection of speech by a public employee depends on "whether the employee spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes . . . ." *Id.* at 421. "Determining the official duties of a public employee requires a practical inquiry into what duties the employee is expected to perform, and is not limited to the formal job description." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016) (internal quotation marks omitted). In this case, the Court cannot determine this point on a motion to dismiss for failure to state a claim. The Court declines to dismiss count 7 on this basis.

4. The Court dismisses counts 1 and 2, race discrimination and retaliation claims under 42 U.S.C. § 1981, because such claims against governmental actors may be asserted only under 42 U.S.C. § 1983 (Stringer has asserted parallel section 1983 claims in counts 3 and 4). *See Campbell v. Forest Preserve Dist. of Cook Cty.*, 752 F.3d 665, 671 (7th Cir. 2014). Stringer relies on a case from the Ninth Circuit, but *Campbell* is controlling here.

5. Lange argues that claims under the Illinois Whistleblower Act may not be asserted against individuals and thus the Court should dismiss count 8 as it relates to

3

him.  The Court disagrees for the reasons it previously described in *Bello v. Village of Skokie*, No. 14 C 1718, 2014 WL 4344391200, at *9 (N.D. Ill. Sept. 2, 2014).  *Accord, Hower v. Cook Cty. Sheriff's Ofc.*, No. 15 C 6404, 2016 WL 612862, at *3 (N.D. Ill. Feb. 16, 2016).

6. The Court strikes the requests in counts 1 through 8 for punitive damages from Lake Forest—which Stringer concedes are unrecoverable against a municipal entity—but declines to strike the punitive damages requests with regard to the individual-capacity claims against Lange contained in those counts.

**Conclusion**

In sum, the Court dismisses counts 1 and 2 in their entirety; dismisses the official-capacity claims against Lange in counts 1 through 8 (but not the individual capacity claims against him); strikes the punitive damages requests in counts 1 through 8 as to Lake Forest (but not as to the individual-capacity claims against Lange); and otherwise denies defendants' motion to dismiss.  Defendants are directed to answer all remaining claims by no later than January 23, 2017.  The case remains set for a status hearing on January 10, 2017 as previously ordered.

Date:  January 7, 2017

_____
MATTHEW F. KENNELLY
United States District Judge